IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DEREK ANDREW NORMAN,<br><br>    Petitioner,<br><br>v.<br><br>CHARLES L. RYAN and<br>ARIZONA ATTORNEY GENERAL,<br><br>    Respondents. | CIV 08-01592 PHX MHM (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE MARY H. MURGUIA:**

On or about August 23, 2008, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 11) on February 26, 2009. Respondents argue Petitioner's habeas petition was not timely filed. Additionally, Respondents contend Petitioner procedurally defaulted his federal habeas claims by failing to properly exhaust them in the state courts.

**I Procedural History**

In January of 2004 Petitioner was charged with one count of sexual conduct with a minor and two counts of molestation of a child (Docket No. CR2004-006012). See Answer, Exh. A. In January of 2005 Petitioner was charged with one

count of sexual exploitation of a minor, in Docket No. CR2005-006127. Id., Exh. B.  The later charge involved the possession of child pornography. Id., Exh. B.

Pursuant to written plea agreements, Petitioner pled guilty in both cases on January 12, 2005. Id., Exh. C & Exh. D. With regard to the charges stated in Docket No. CR2004-006012, Petitioner pled guilty to one count of attempted sexual conduct with a minor. Id., Exh. D.  The written plea agreement noted the presumptive sentence of 10 years incarceration and a minimum sentence of 5 years incarceration and stated Petitioner's sentence would fall within that range. Id., Exh. D.  The plea agreement states it is "dependent upon a guilty plea to Count One in CR2005-006127." Id., Exh. D.

With regard to Docket No. CR2005-006127, Petitioner pled guilty to attempted sexual exploitation of a minor. Id., Exh. C.  The written plea agreement noted a minimum sentence of 10 years, a presumptive sentence of 17 years, and a maximum sentence of 24 years incarceration. Id., Exh. C.  The plea agreement stated Petitioner was to be placed on lifetime supervised probation "subsequent to any prison sentence imposed in CR2004-006012.... This plea is dependent upon a guilty plea to Count One in CR2004-006012." Id., Exh. C.  The plea agreement also provided Petitioner would register as a sex offender and provide a DNA sample to law enforcement.

Both plea agreements also waived Petitioner's right to appeal his convictions or the imposition of any sentence which was consistent with the written agreements. Id., Exh. C & Exh.

-2-

D. The Maricopa County Superior Court reviewed the written plea agreements with Petitioner on January 12, 2005, and accepted his guilty pleas in both cases at that time. Id., Exh. E & Exh. F.

On April 15, 2005, Petitioner was sentenced to a term of 7 years imprisonment pursuant to his conviction in CR2004-006012. Id., Exh. G & Exh. H. At that time Petitioner was sentenced to a consecutive term of lifetime probation pursuant to his conviction in CR2005-006127. Id., Exh. G & Exh. H.

Petitioner did not timely file his first appeal "as of right," i.e. an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, within ninety days of being sentenced. Petitioner did file a notice of post-conviction relief with regard to his conviction and sentence in the 2005 case on July 20, 2007. Id., Exh. I & Exh. J. In that Rule 32 action Petitioner asserted his sentence of lifetime probation constituted cruel and unusual punishment and also violated his right to equal protection. Petitioner also argued his right to due process of law was violated by the plea bargaining process. Id., Exh. I & Exh. J.

The state trial court dismissed Petitioner's Rule 32 action on August 15, 2007, noting it was not timely. Id., Exh. K. The state trial court also concluded Petitioner's sentence did not violate the United States' constitution's prohibition against cruel and unusual punishment and that Petitioner's rights to due process and equal protection were not violated. Id., Exh. K. Petitioner appealed this decision to the Arizona Court of Appeals, id., Exh. L, which denied review on April 23,

2008. Id., Exh. M. Petitioner sought review of his claims by the Arizona Supreme Court, which denied review on July 28, 2008. Id., Exh. O.

In his federal habeas action Petitioner asserts he is entitled to relief because his sentence of lifetime probation constitutes cruel and unusual punishment in violation of the Fifth, Eighth, and Fourteenth Amendments. Petitioner also contends the sentence of lifetime probation violates his right to equal protection under the Fifth and Fourth Amendments. Additionally, Petitioner argues the imposition of lifetime probation rendered the plea bargaining process fundamentally unfair in violation of the due process protections of the Fifth and Fourteenth Amendments.

**II Analysis**

**The petition is barred by the statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2008). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000);

1  Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

2        Because Petitioner pled guilty and thereby waived his right to a direct appeal, Petitioner's convictions and sentences became final at the expiration of the time allowed for filing an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, i.e., on July 15, 2005. See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007) (holding that, in Arizona, the statute of limitations began to run upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review."). Accordingly, Petitioner had one year from July 15, 2005, i.e., until July 15, 2006, to seek federal habeas relief, not counting any time during which the statute of limitations was statutorily tolled by the pendency of any properly-filed state action for post-conviction relief. See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001).

      Petitioner did not file a timely Rule 32 action in the state courts which would have tolled the AEDPA's statute of limitations. Petitioner did file a notice of post-conviction relief with regard to his conviction and sentence in the 2005 case on July 20, 2007, more than one year after the statute of limitations with regard to a federal habeas action challenging the conviction and sentence expired. That state Rule 32 action could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing

-5-

Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). A state-court petition that is filed after the expiration of the statute of limitations under the AEDPA does not revive the running of the limitations period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001).

Petitioner's untimely Rule 32 action also could not toll the statute of limitations because it was not a "properly filed" action for state post-conviction relief. See Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811-12 (2005) (holding that a state petition that is not filed within the state's required time limit is not "properly filed.").

**Equitable tolling of the statute of limitations**

Petitioner is not entitled to the equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005).

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir.), cert. denied, 129 S. Ct. 397 (2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other

-6-

grounds by 447 F.3d 1165 (9th Cir. 2006).  Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.  See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is to be rarely granted.  See Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000) (holding this remedy is "typically applied sparingly").  The petitioner must establish a causal connection between the alleged roadblock to their timely filing of their federal habeas petition and the actual failure to file the petition on time.  See Gaston, 417 F.3d at 1034; Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005).  It is Petitioner's burden to establish that equitable tolling is warranted in his case.  Gaston, 417 F.3d at 1034.

A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Additionally, a federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll."  Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000).  See also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

-7-

1  Petitioner has not met his burden of establishing that
2 there were extraordinary circumstances beyond his control which
3 made it impossible for him to file a timely federal habeas
4 petition, or that any state action was the "but for" cause for
5 his failure to timely file his federal habeas action. See Brown
6 v. Barrow, 512 F.3d 1304, 1306-07 (11th Cir. 2008) (holding the
7 petitioner has a strong burden to plead specific facts
8 supporting their claim of extraordinary circumstances). See
9 also Pace, 544 U.S. at 418-19, 125 S. Ct. at 1815 (concluding
10 that the petitioner was not entitled to equitable tolling
11 because he was not misled or confused about the exhaustion of
12 his state remedies and filing his federal habeas petition).
13 Petitioner has not met his burden of establishing that there
14 were extraordinary circumstances beyond his control which made
15 it impossible for him to file a timely federal habeas petition.
16 Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir.
17 2005). Additionally, Petitioner did not act with reasonable
18 diligence throughout the time period he seeks to toll. See
19 Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting a
20 claim to equitable tolling where the petitioner "provided no
21 specificity regarding the alleged lack of access and the steps
22 he took to diligently pursue his federal claims"). Compare Roy,
23 465 F.3d at 969-72.

**III Conclusion**

25  Petitioner did not file his federal habeas petition
26 within the time specified by the AEDPA. Petitioner does not
27 offer a basis for the equitable tolling of the statute of

-8-

limitations applicable to his habeas petition.

**IT IS THEREFORE RECOMMENDED** that Mr. Norman's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to

-9-

appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 1st day of April, 2009.

_____
Mark E. Aspey
United States Magistrate Judge