**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Andrew Norman, | ) No. CV 08-1592-PHX-MHM |
| Petitioner, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| Charles L. Ryan, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

On August 8, 2008, Petitioner Derek Norman ("Petitioner"), *pro se*, filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. #1). Respondents filed an Answer on February 20, 2009. (Dkt. #11). United States Magistrate Judge Mark E. Aspey issued a Report and Recommendation on April 1, 2009, recommending that the Petition be denied and dismissed with prejudice as barred by the applicable statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Dkt. #20). Petitioner filed an Objection (Dkt. #14), and Respondents filed a Response. (Dkt. #15).

**I.    BACKGROUND**

On January 12, 2005, Petitioner pled guilty to one count of attempted sexual conduct with a minor, which carried a presumptive sentence of 10 years in prison with a 5 year minimum sentence. (Dkt. #13, Exhs. B, D). The Petitioner also plead guilty to one count of attempted sexual exploitation of a minor, which carried a presumptive sentence

of 17 years in prison, with a 10-year minimum and a 24-year maximum. (Id., Exh. C). In addition, Petitioner was to be placed on lifetime supervised probation, register as a sex offender, and provide a DNA sample to law enforcement. (Id., Exhs. C, D). Petitioner agreed to waive his right to appeal his conviction or the imposition of any sentence that was consistent with his plea agreements. (Id.).

On April 15, 2005, Petitioner was sentenced to 7 years imprisonment and consecutive terms of lifetime probation. (Dkt. #13, Exhs. G, H). On July 20, 2007, pursuant to Rule 32 of the Arizona Rules of Criminal Procedure, Petitioner filed a notice of post-conviction relief regarding his 2005 plea agreements. (Id., Exhs. I, J). In this action Petitioner claimed that his sentence of lifetime probation constituted cruel and unusual punishment and that his right to due process of law was violated by the plea bargaining process. (Id.).

On August 15, 2007, the state trial court rejected the Petitioner's Rule 32 petition as untimely. (Dkt. #13, Exh. K). The court also held that Petitioner's sentence did not violate the Constitution's prohibition on cruel and unusual punishment, nor did it violate his right to due process or equal protection. (Id.). Petitioner appealed the trial court's decision to the Arizona Court of Appeals which declined review on April 23, 2008. (Id., Exhs. L, M). Petitioner then sought review of his claims by the Arizona Supreme Court, but again was denied review. (Id., Exh. O).

Petitioner filed the instant Petition for Writ of Habeas Corpus on August 8, 2008, asserting that he is entitled to relief because his sentence of lifetime probation: (1) constitutes cruel and unusual punishment in violation of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution; (2) violates his right to equal protection under the Fourth and Fifth Amendments of the United States Constitution; and (3) violates his right to fundamental fairness in the plea bargaining process, under the Fifth and Fourteenth Amendments. (Dkt. #1).

//

## II.    STANDARD OF REVIEW

A district court must review *de novo* the legal analysis in a Magistrates Judge's Report and Recommendation.  See 28 U.S.C. § 636(b)(1)(C).  In addition, a district court must review *de novo* the factual analysis in the Report and Recommendation for those facts to which objections are filed.  See United States v. Reyna- Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's finding and recommendations de novo if objection is made, but not otherwise."); see also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

## III.    DISCUSSION

### A.    Petitioner's Claims

Petitioner asserts three errors in the Magistrate Judge's Report and Recommendation.  First, that "the Arizona legislature had no right or authority to interfere with the United States Supreme Court decision mandated in Weems v. United States, 217 U.S. 349 (that permanent government surveillance is cruel and unusual punishment)." (Dkt. #14).  Second, "that the trial court had no jurisdiction to deny the Petitioner of state created liberties i.e. Arizona Revised Statutes (ARS) 13-905, - 912." (Dkt. #14).  And third, "because state preclusion rules and the AEDPA are statutes of limitation not a jurisdictional time-bar. " (Id.).

It is difficult to decipher Petitioner's precise objections.  However, the Court will interpret Petitioner's objections as challenging the Magistrate Judge's report in general, and particularly the Magistrate Judge's interpretation of the applicable statute of limitations and the Eighth Amendment's prohibitions against cruel and unusual punishment.   To that end, the Court notes that Petitioner's interpretation of Weems is incorrect.  "The Supreme Court did not hold that lifetime probation is always cruel and unusual punishment, but rather struck down the sentence [imposed] in Weems because it was grossly disproportionate to the crime."  Drilling v. Schriro, 2009 WL 348747, at *2

(D. Ariz. 2009) (citation omitted).  Petitioner's other two contentions are also unsupported and lack merit.  The Court need not decipher these arguments because Petitioner fails to adequately address the ultimate reason for the Magistrate Judge's recommendation to deny the Petition: that the Petition is untimely.

**B.     Statute of Limitations**

Petitioner fails to address the Magistrate Judge's conclusion that the Petition is barred by the statute of limitations.  The Magistrate Judge correctly points out that AEDPA imposes a one-year limitation on state prisoners who seek federal habeas relief from their state convictions.  See, e.g., Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002).  The one-year statute of limitations is tolled during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgement or claim."  28 U.S.C. § 2244(d)(2); accord Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).  Here Petitioner pled guilty and waived his right to direct appeal, meaning that he had 90 days from April 15, 2005, to file for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procure.  In other words Petitioner had until July 15, 2005, to file for post-conviction relief in state court.  See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007) (AEDPA statute of limitations does not begin to run until expiration of time for seeking such proceeding or review).  Petitioner then had one-year, or in other words, until July 15, 2006, to seek federal habeas relief.

Petitioner did not file his Rule 32 notice of post-conviction relief until July 20, 2007, more than one year after the statute of limitations had expired under AEDPA.  Additionally, a state-court petition filed after the statute of limitations has run does not revive or renew the statute of limitations.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Therefore, Petitioner's Rule 32 action did not renew or refresh the expired AEDPA statute of limitations.  The Petition was untimely, see Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005), and thus the Court need not address the merits of Petitioner's claims for relief.

### C. Equitable Tolling

A petitioner may toll the statute of limitations by showing "(1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quotations omitted); see Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (a petitioner's ignorance of the law, and lack of access to legal resources may constitute extraordinary circumstances): But see Raspberry v. Garcia, 448 F.3d 1150, 1150 (9th Cir. 2006) (petitioner's inability to correctly calculate the limitations period is not an extraordinary circumstance).

Here, Petitioner does not argue that he is entitled to equitable tolling of the statute of limitations. In addition the record does not indicate that Petitioner pursued his rights diligently or that there were some extraordinary circumstances that prevented him from filing his claim on time. Finally, Petitioner has not shown that any state action was the cause of his failure to timely file his federal habeas action. See Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling of the statute of limitations.

## IV. CONCLUSION

Petitioner did not file his Petition for Writ of Habeas Corpus within the time limit set forth in AEDPA. In addition, Petitioner does not offer any reasons for the delay in filing his Petition to allow the Court to equitably toll the statute of limitations. The Court agrees with Magistrate Judge Aspey's recommendation that Petitioner's habeas petition be denied and dismissed with prejudice.

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Report and Recommendation in its entirety. (Dkt. #13).

**IT IS FURTHER ORDERED** dismissing with prejudice the Petition for Writ of Habeas Corpus. (Dkt. #1).

1

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment

2 accordingly.

3        DATED this 20th day of July, 2009.

4

5

6        _____
                        Mary H. Murguia
7                 United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28